# United States District Court
### EASTERN DISTRICT OF TEXAS
### DIVISION

| | |
|---|---|
| IN RE: § | |
| TODD WILLIAM KUENSTLER § | |
|     Appellant § | Civil Action No. 4:17-CV-775 |
| § | Judge Mazzant |
| v. § | |
| § | |
| HALF PRICE BOOKS, RECORDS, § | |
| MAGAZINES, INC. § | |
|     Appellee | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Todd William Kuenstler's Appeal of an order issued by the United States Bankruptcy Court for the Eastern District of Texas granting Half Price Books, Records, Magazines, Inc.'s Motion to Deem "Motion for Determination of Dischargeability" as a Complaint and Motion for Leave to File Amended Complaint (Dkt. #5).

## BACKGROUND

On August 8, 2016, Half Price Books, Records, Magazines, Inc.'s ("Appellee" or "Creditor") filed suit in the 162nd District Court of Dallas County, Texas, asserting claims against Todd Kuenstler ("Appellant" or "Debtor"), Maggie Kuenstler, Group 23, Inc., Group 523 LLC, Group 2323 LLC, and Group 52323 LLC1F, in addition to Cartridge World North America, LLC and Flexbone LLC (collectively, the "Kuenstler Defendants"). Creditor alleged in part:

> Between 2009 and January 2016, the Kuenstler Defendants fraudulently invoiced Plaintiff for alleged products sold by Defendants to Plaintiff. In good faith, and in reliance upon the representations made by the Kuenstler Defendants, Plaintiff paid Defendants' invoices during such time period. Under this nefarious and criminal scheme to steal from and defraud Plaintiff, the Kuenstler Defendants stole and/or resold to Plaintiff, in excess of $1,000,000.00.

(Dkt. #2 at pp. 25–26).

On May 15, 2017, Debtor filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas (the "Main Case"). *Kuenstler v. Half Price Books, Records, Magazines, Inc. (In re Kuenstler)*, Ch. 7 Case No. 17-41046, Adv. No. 17-04089, slip op (E.D. Tex. May 15, 2017), (Main Case No. 17-41046, Dkt. #1). Pursuant to 11 U.S.C. § 362(b), the state court case was automatically stayed.

The Section 341 creditors meeting was held on June 16, 2017. The 341 Notice stated that the filing deadline to file a complaint objecting to the discharge of certain debts was August 15, 2017. The Notice further stated

> **You must file a complaint:**
>
> - if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or
>
> - if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6).

(Dkt. #5 at p. 9).

On August 14, 2017, Creditor filed its Motion for Determination of Dischargeability ("Motion for Determination"), objecting to the discharge of the debts owed by the Debtor, and objecting to the discharge (Main Case No. 17-41046, Dkt. #8). On that same date, Creditor filed its Motion for Relief from Stay on State Court Proceedings ("Motion for Relief"). (Main Case No. 17-41046, Dkt. #7) The Motion for Determination specifically objected to the discharge of the following debts:

> (i) Debtor Kuenstler's liability to Creditor for felony theft, pursuant to 11 U.S.C. § 523(a)(4); (ii) Debtor Kuenstler's liability to Creditor for civil conversion, pursuant to 11 U.S.C. § 523(a)(4); (iii) Debtor Kuenstler's liability to Creditor for fraud, pursuant to 11 U.S.C. § 523(a)(2); (iv) Debtor Kuenstler's liability to Creditor for tortious interference with a business contract, pursuant to 11 U.S.C. § 523(a)(6); and (v) Debtor Kuenstler's liability to Creditor for conspiracy to commit fraud and felony theft, pursuant to 11 U.S.C. § 523(a)(2).
> . . .

> Furthermore, Creditor requests this Court enter an Order declaring none of Debtor Todd Kuenstler's debts to be dischargeable because he has failed to explain satisfactorily the loss of millions of dollars which he obtained by fraud, theft, and other malicious acts over the course of several years . . . .
> . . .
> This Court has the authority to discharge debts unless the debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities. 11 U.S.C. § 727(a)(5).

(Main Case No. 17-41046, Dkt. #8 at p. 4).

However, the Motion for Determination was mistakenly filed as a motion in the Main Case and not properly filed as a complaint and initiated as an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001(6), 7003, and 7004. *See* FED. R. BANKR. P. 7001(6), 7003, 7004. In other words, Creditor failed to properly file a complaint and initiate an adversary proceeding by the August 15 filing deadline. On August 29, 2017, Debtor filed a response to Creditor's Motion for Determination on the grounds that Creditor failed to timely initiate a proper adversary proceedings within the 60-day time period (Main Case No. 17-41046, Dkt. #12 at pp. 2-3).

On September 13, 2017, Creditor commenced a proper adversary proceeding by filing its First Amended Complaint for Determination of Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523 and 727 of the Bankruptcy Code ("Amended Complaint") and its Motion to Deem Its "Motion for Determination of Dischargeability" as a Complaint and Brief in Support Thereof and Motion for Leave to Amend Complaint ("Motion to Deem"). *Kuenstler v. Half Price Books, Records, Magazines, Inc. (In re Kuenstler)*, Ch. 7 Case No. 17-41046, Adv. No. 17-04089, slip op (E.D. Tex. September 13, 2017), (Adv. No. 17-04089, Dkt. #1). The Motion to Deem asked the bankruptcy court to deem Creditor's Motion for Determination a complaint objecting to the discharge of the debts owed by the Debtor, and objecting to the discharge.

On September 27, 2017, the bankruptcy court held an evidentiary hearing on Creditor's Motion to Deem. At the hearing, Debtor asserted it would be improper for the bankruptcy court to consider the Motion for Determination as a timely-filed complaint because Debtor never received "actual notice" of the Motion for Determination (Dkt. #2 at pp. 453–471). Creditor argued that Debtor received "actual notice" of the Motion for Determination when his lawyer, Mr. Robert DeMarco, who represented him at his creditor's meeting and had held a retainer for purposes of responding to an objection to discharge claim until August 31, 2017, was served with the Motion for Determination on August 14, 2017. Mr. DeMarco argued that it was not sufficient notice to simply serve debtor's counsel. Mr. DeMarco argued that to show actual notice to Debtor, Creditor had to show evidence that the Motion for Determination was mailed to Debtor.

After hearing evidence and arguments of counsel for Debtor and Creditor, the bankruptcy court ruled that actual notice had been provided to Debtor, and explained:

> [I]n order for the Court to reach the question of whether the debtor had actual notice, the underlying presumption or predicate is that, in fact, the creditor has not complied with the rules. So it appears to the Court that requiring compliance with the rules in order to show actual notice is sort of bootstrapping one against the other, or maybe its circular. . . .
>
> But for the reasons stated by the Court in the *Thompson* case and the cases cited therein for determining whether the debtor had actual notice, service on counsel is sufficient. Particularly in this case where the lawsuit had been filed before and the debtor hired counsel for the purpose of defending them in a discharge/dischargeability action. And that was disclosed at the 341 meeting. So the debtor had reason to anticipate that a 727 or a 523 action would be filed. ***And indeed it was filed, the motion was filed and served on counsel that was retained for that very purpose.*** Therefore, the Court finds that for the purpose of the Relation Back Doctrine, if you will, the filing of the motion objecting to discharge is sufficient, in this case.

(Dkt. #6 at pp. 30–31) (emphasis added).

4

On October 30, 2017, Debtor filed his Notice of Appeal (Dkt. #1). On January 8, 2018, Debtor filed his brief in support (Dkt. #5). In his brief, Debtor designated the issue to be decided on appeal as follows:

> Whether the Bankruptcy Court erred in concluding Appellant received "actual notice" of the contents of the Motion for Determination of Dischargeability ("Dischage Motion") such that it was proper to deem the Discharge Motion a timely filed complaint objecting to: (a) the discharge of Appellee's Claim against Appellant; and (b) Appellant's discharge?[1]

(Dkt. #5 at pp. 7–8). On January 23, 2018, Creditor filed its brief in response (Dkt. #7).

## LEGAL STANDARD

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1) (2012). A bankruptcy court's "findings of fact are reviewed for clear error and conclusions of law are reviewed de novo." *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008); *see also In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007); *Ferrell v. Countryman*, 398 B.R. 857, 862 (E.D. Tex. 2009). In a bankruptcy appeal, "a district court cannot consider issues that were not initially presented to the bankruptcy court." *Ferrell*, 398 B.R. at 863 (citations omitted). A district court "will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." *Ferrell*, 398 B.R. at 863 (citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996)).

## ANALYSIS

Debtor appeals the bankruptcy court's October 16, 2017 Order granting Creditor's Motion to Deem "Motion for Determination of Dischargeability" as a Complaint and Motion for Leave to

---

[1] The Court notes that Debtor has not raised on appeal the issue regarding the bankruptcy court's reliance on *Louviere v. Thompson (In re Thompson)*, 572 B.R. 638, 651–57 (Bankr. S.D. Tex. 2017), and its use of the actual notice/relation-back doctrine. Thus, that issue is not on appeal.

5

File Amended Complaint (the "Order"). Debtor argues that he never received "actual notice" of the claims set out in the Motion for Determination. Debtor claims that service upon his counsel cannot constitute "actual notice" to the Debtor.

Due process in the bankruptcy context requires that individual notice be given before rights can be affected. *Huddleston v. Nelson Bunker Hunt Tr. Estate*, 117 B.R. 231, 232 (N.D. Tex. 1990), *aff'd sub nom. Huddleston v. Nelson Bunker Hunt*, 935 F.2d 1290 (5th Cir. 1991). Here, the bankruptcy court, after hearing evidence, specifically found that Debtor received proper and adequate notice of the Motion to Deem. The Court "cannot disturb this factual finding unless it is clearly erroneous." *Huddleston*, 117 B.R. at 232. "A finding of fact is clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003) (quoting *Hibernia Nat'l Bank v. Perez (In re Perez),* 954 F.2d 1026, 1027 (5th Cir.1992)).

Federal Rule of Bankruptcy Procedure 4004(a) states,

> [i]n a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

FED. R. BANKR. P. 4004(a). Further, Federal Rule of Bankruptcy Procedure 4007(c) states in pertinent part,

> a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

FED. R. BANKR. P. 4007(c). Finally, Rules 7001(4) and 7001(6) expressly state that "a proceeding to object to or revoke a discharge" and "a proceeding to determine the dischargeability of a debt" are adversary proceedings. FED. R. BANKR. P. 7001(4), (6). Thus, taken together, the above referenced Rules require a creditor, if it wants to prevent a debtor from obtaining a discharge of

the specific debt that it holds, or prevent a debtor from obtaining a discharge of all of its debts, to initiate an adversary proceeding by filing a complaint objecting to discharge no later than the 60th day following the first date set for the meeting of creditors. Creditor's deadline to object to the discharge was August 15, 2017. The Fifth Circuit notes that

> [O]ne of the purposes of Bankruptcy Rule 4007(c) and sections 523(a)(3)(B) and 523(c) is to give creditors notice and an opportunity to be heard. Another purpose of the time references in these statutes, however, is to promote the expeditious and efficient administration of bankruptcy cases by assuring participants in bankruptcy proceedings "that, within the set period of 60 days, they can know which debts are subject to an exception to discharge."

*Matter of Sam*, 894 F.2d 778, 781 (5th Cir. 1990) (quoting *Neeley v. Murchison,* 815 F.2d 345, 347 (5th Cir.1987)). "Our construction of the rule and the statutes in *Neeley* simply recognized that the purpose of the notice requirement is satisfied when the creditor has actual knowledge of the case in time to permit him to take steps to protect his rights." *Id*.

As discussed above, Creditor mistakenly filed its Motion for Determination in the Main Case on August 14, 2017, and subsequently commenced a proper adversary proceeding on September 13, 2017, by filing its Amended Complaint. The bankruptcy court applied the "actual notice/relation-back" doctrine set forth in *Louviere v. Thompson (In re Thompson)*, 572 B.R. 638, 651–57 (Bankr. S.D. Tex. 2017), and found that even if a creditor does not properly commence an adversary proceeding within the 60-day deadline imposed by Rule 4007, so long as the creditor, prior to the deadline, files a pleading that contains sufficient information putting the debtor on notice that the creditor is attempting to object to the discharge, then the "actual notice/relation-back" principle can be used to overcome the failure to timely commence an adversary proceeding  (*See* Dkt. #6 at pp. 30–31; Main Case No. 17-41046, Dkt. #28; Adv. No.

17-04089, Dkt. #10). The bankruptcy court also found that service upon Debtor's counsel provided Debtor with "actual notice."

In *Thompson*, a creditor filed two detailed pleadings with the court on or before the 60-day deadline to object to dischargeability of a debt—a motion to lift stay and a complaint, filed in the original bankruptcy proceeding instead of initiating a new adversary proceeding. 572 B.R. at 650—657. The motion to lift stay, by referencing attached exhibits, set forth in detail the factual background and relationship between debtor and creditor. *Id*. at 642. Months after the deadline had passed, the creditor initiated an adversary proceeding and re-filed its complaint to the dischargeability of debts, and invoked the relation-back doctrine, seeking to prevent the dismissal of his late-filed complaint. *Id.* at 650. The court held that the re-filed complaint related back to the complaint which was improperly filed in the original proceeding, and deemed the re-filed complaint in the adversary proceeding as timely. *Id.* at 656.

The bankruptcy court in *Thompson* relied on the Fifth Circuit's opinion in *Covert v. McGuirt (Matter of McGuirt)*, 879 F.2d 182 (5th Cir. 1989), which described the "actual notice" argument by articulating the creditor's position in this manner:

> [Creditor] asserts that the filing of the motion [for relief from the automatic stay] satisfied the primary purpose of rule 4007(c) of notifying the debtor of the existence and basis of an objection to the discharge *so as to enable the debtor* to answer and defend against that objection.

*McGuirt*, 879 F.2d at 183 (emphasis added). "Thus, in the Fifth Circuit's view, for the 'actual notice/relation-back' argument to have any merit, the focus must be on whether the creditor gave notice to the *debtor* prior to the deadline that the creditor intended to object to discharge." *Thompson*, 572 B.R. at 652 (emphasis in original). The *Thompson* court went on to conclude that service upon the debtor's counsel gave actual notice to the debtor.

8

> [B]ecause of the "actual notice/relation-back doctrine" the Motion to Deem should be conditionally granted. . . . This is so because Louviere filed not one, but two detailed pleadings with this Court on or before the 60-day deadline of March 20, 2017 . . . and **he immediately served these pleadings on the Debtors, through their counsel, all of which gave actual notice to the Debtors** that Louviere intended to seek an order form this Court declaring the Judgement to be non-dischargeable.

*Id*. at 654 (emphasis added) (internal citations omitted).

In this case, a creditor's meeting was held on June 16, 2017. Mr. DeMarco represented Debtor at this creditor's meeting. The transcript from the meeting demonstrates that at the time Mr. DeMarco was served with the Motion for Determination, Mr. Demarco had been paid by Debtor and was holding an $18,000 retainer in a trust to defend him and object to discharge claims in his bankruptcy. At the creditor's meeting Mr. DeMarco stated the following:

> Mr. DeMarco: Well, I'm not saying it's not property of the estate. But under the terms of the agreement, he effectively bought my services up to $18,000 for the sole purpose and limited purpose of representing him personally in an objection to discharge claim. So the value to the estate is the asset of that agreement.

(Dkt. #7 at p. 7). *See Matter of Sadkin*, 36 F.3d 473, 476 (5th Cir. 1994) (finding actual notice was provided to creditor and satisfied due process concerns through the attendance of creditor's representative at a creditors' meeting where the claim was discussed, even though amended list of exceptions was not served on creditor).

Further, Mr. DeMarco drafted and signed Debtor's response to Creditor's Motion for Determination, which was filed August 29, 2017 (Dkt. #7 at p. 7). At the hearing on the Motion to Deem, Mr. DeMarco stated that after his receipt of the Motion for Determination, which was filed and served on Mr. DeMarco on August 14, 2017, Mr. DeMarco communicated with Debtor (Dkt. #7 at p. 7). There is also evidence that Creditor served the Motion for Determination on Debtor's wife by mailing it to her at her residence that she shares with Debtor, and also served the motion on two companies Debtor owns or controls via the creditor matrix (Dkt. #7 at p. 7).

The Court finds that the bankruptcy court did not err in finding that Debtor received notice of the Motion for Determination when his counsel, Mr. DeMarco, was served with it. Mr. DeMarco had been hired for the very purpose of defending a discharge/dischargeability action. "[A]ll constitutional due process requires in this case is that he have 'notice reasonably calculated, under all the circumstances, to apprise [Debtor] of the pendency of the action and afford [Debtor] an opportunity to present [his] objections.'" *Sam*, 894 F.2d at 781 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). "Thus, [Debtor] had the 'actual knowledge *of the case*' necessary to permit him to take steps to protect his rights." *Id.* (emphasis in original). Lastly, the bankruptcy court's finding that service on Debtor's attorney constituted actual notice to Debtor is consistent with Fifth Circuit precedent of avoiding a dismissal with prejudice unless: (1) the delay has been caused by the plaintiff himself, not by his attorney; (2) there is actual prejudice to the defendant; and (3) the delay has been caused by intentional conduct. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008); *Thompson*, 572 B.R. at 651–57. In this case, these factors are not present. Thus, the Court finds that the bankruptcy court did not err in finding that the Debtor received "actual notice" of the Motion for Determination when it was served upon Debtor's counsel.

## CONCLUSION

Based on the foregoing, the bankruptcy court's judgment is hereby **AFFIRMED**.

**IT IS SO ORDERED**.
**SIGNED this 28th day of June, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE